**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON ROBERT WAGNER, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> A.C.J.F., et al., : <br> : <br> Defendants. : | Civil No. 11-1422 (NLH) <br><br> O P I N I O N |

**APPEARANCES:**

Jason Robert Wagner, Pro Se
192646AR
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**HILLMAN, District Judge**

Plaintiff, Jason Robert Wagner, currently confined at the Atlantic County Justice Facility, Mays Landing, New Jersey, has submitted this civil complaint, which alleges violations of his constitutional rights and seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff has not paid the filing fee, and seeks permission to proceed in forma pauperis ("IFP").  Based on Plaintiff's affidavit of indigence, this Court will grant his request.[1]

---

[1] Plaintiff's case was previously administratively terminated for failure to pay the filing fee or submit a complete application to proceed IFP.  Plaintiff has since submitted a complete application, and the case will be reopened for purposes of this screening.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). For the following reasons, the complaint will be dismissed, without prejudice.

## BACKGROUND

Plaintiff names as defendants the Atlantic County Justice Facility ("ACJF"), Officer Hoban and Officer Roeder, employed at the ACJF. Plaintiff states that while housed at the ACJF he had a "no contact" with another inmate and on four occasions, came into direct contact with him. Plaintiff states that on February 4, 2011, the inmate "demanded I hit Steven the hallway runner [and] I felt I had no choice. He is a know[n] shooter with open gun charges and threatened my mother and he knows where she lives." (Complt., ¶ 4).

Plaintiff reported the incident to Lt. Trout, who told him to "leave out that [the inmate] had threatened [him] and ordered [him] to hit him cause then [the inmate] would think that I was a snitch again." (Id.). Lt. Trout then advised Plaintiff to "leave out" that he hit Steven and just to say he hit a wall. (Id.).

Although not named in Plaintiff's Statement of Claims, defendants Hoban and Roeder are named in the complaint as

2

defendants because they "failed many times on keeping us sep[arate]." (Complt., ¶3B).

Plaintiff asks for monetary and other relief.

## DISCUSSION

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because plaintiff is a prisoner and is proceeding as an indigent.

Recently, in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its recent opinion in Bell Atlantic

3

Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)

4

(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). <u>See</u> <u>also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).

**B.** **<u>Section 1983 Actions</u>**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>See</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.** **<u>Plaintiff's Claims Must Be Dismissed.</u>**

First, although Plaintiff names ACJF as a defendant in the caption of his complaint, he does not assert any specific claims against the jail within the complaint. Further, a jail is not a

"person" that may be found liable under § 1983, pursuant to Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 688-90 (1978).  See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-894 (E.D. Va. 1992).  While this Court would typically construe this defendant as Atlantic County, as Plaintiff has not asserted any claims within the complaint against ACJF or Atlantic County, the Court is constrained to dismiss this defendant, without prejudice.

Second, while Plaintiff states he is "here on a VOP [violation of probation]," (Complt., ¶ 5), it is unclear whether Plaintiff is a pretrial detainee or a convicted and sentenced prisoner.  In assessing a pre-trial detainee's failure to protect claim, as opposed to a convicted inmate's claim, the Court of Appeals for the Third Circuit has not determined a specific level of subjective culpability that meets the "shocks the conscience" standard under the Fourteenth Amendment.  See Jacobs v. Cumberland County Dept. of Corr., Civ. No. 09-0133, 2010 WL 5141717, at *4 (D.N.J. Dec. 8, 2010) (internal citation omitted) (noting that "a violation of the Fourteenth Amendment right to substantive due process may be shown by conduct that 'shocks the conscience'").  Most cases that have considered the issue have stated that the Fourteenth Amendment provides a pretrial detainee at least as much protection as the Eighth Amendment "deliberate indifference" standard.  See Urrutia v. Harrisburg County Police

6

Dept., 91 F.3d 451, 456 (3d Cir. 1996) (holding that a pre-trial detainee plaintiff "is certainly entitled to the level of protection provided by the Eighth Amendment"). In similar cases, the Third Circuit has indicated that deliberate indifference is the appropriate standard in the context of a Fourteenth Amendment failure to protect claim. See Luzerne County, 372 F.3d at 587. The Third Circuit has been clear, however, that "negligent conduct is never egregious enough to shock the conscience." Id. at 579. In other words, mere negligence or inattention by a corrections officer in failing to protect a pretrial detainee from violence at the hands of another inmate is not enough to rise to the level of a constitutional violation under the Fourteenth Amendment. On the basis of this precedent, the Court evaluates Plaintiff's claim of a Fourteenth Amendment substantive due process violation under the deliberate indifference standard.

Under the deliberate indifference standard, officers and prison officials have a duty "to take reasonable measures to protect prisoners from violence at the hands of other prisoners." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (citations and internal quotations omitted). For a failure to protect claim, Plaintiff must provide some evidence establishing that (1) "the conditions in which he was detained entailed a sufficiently serious risk of harm"; (2) the defendants acted with "deliberate indifference" to his health and safety; and (3) causation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hamilton, 117 F.3d

7

at 746. Defendant Officers "must actually [have been] aware of the existence of the excessive risk; it is not sufficient that [Defendants] should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (emphasis added).

In this case, Plaintiff asserts only that the Defendant officers "failed many times on keeping us separate." (Complt., ¶ 3B). This Court finds that, as pled, Plaintiff's statement does not sufficiently show deliberate indifference and causation. Plaintiff does not plead any facts asserting that these Defendant officers actively ignored orders to keep these inmates apart, that these officers were aware of Plaintiff's presence near the problem inmate, or that these officers witnessed the interaction that occurred on February 4, 2011. Plaintiff does not connect these Defendant officers in any way to the facts of the alleged incident in February of 2011.[2]

As such, Plaintiff's complaint fails to state a claim upon which relief can be granted, in accordance with Iqbal standards, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, it is conceivable that Plaintiff simply neglected to assert facts supporting his failure to protect claim. Therefore, this Court will grant Plaintiff thirty

---

[2] This Court also notes that Plaintiff's allegation that the state actors are liable to Plaintiff because he "felt he had no choice" but to assault another inmate is meritless. It is not facially plausible that the state defendants would be liable to Plaintiff for Plaintiff's misconduct against a third party. Such conduct by Plaintiff cannot be attributed to the state actors. See Iqbal, 129 S. Ct. at 1948.

days to file an amended complaint to address the deficiencies of his complaint.[3]

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  An appropriate Order follows.

                                         s/ Noel L. Hillman
                                         NOEL L. HILLMAN
                                         United States District Judge

Dated: July 2, 2012
At Camden, New Jersey

---

[3] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the specific portion of the original complaint is specifically incorporated in the amended complaint. See 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1476 (1990) (footnotes omitted).  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  See id.